In the United States Court of Appeals
For the Fourth Circuit

United States of America,
    Appellee

v.                                    Case no. 23-4235

Andrew Gearheart
    Appellant

## Appellant's Memorandum Opening Brief

Mr. Gearheart appeals the district court's imposition of several conditions of release because those conditions are not reasonably necessary to assure his appearance in court nor are they reasonably necessary to protect the safety of the community. Many of the conditions imposed are excessive and not based on any evidence in the record. Instead, the court imposed them largely based on a misunderstanding of the Bail Reform Act and its own practice of imposing those conditions in every case, without making case-specific findings. Under any standard of review, the district court's misapplication of the law should not be afforded any deference, and this Court should either vacate the conditions appealed or remand the case for the district court to impose conditions consistent with the Bail Reform Act.

## Question Presented

Did the court err by imposing several conditions of release that it believed were standard, in contrast to the Bail Reform Act, without relying on evidence to justify the additional restrictions on liberty?

## Standard of Review

This Court has routinely held that it should review orders of release and detention for clear error. *See United States v. Singh*, 860 Fed.Appx.283 (4th Cir. 2021) (unpublished opinion) (citing *United States v. Clark*, 865 F.2d 1433, 1437 (4th Cir. 1989) (en benc). However, *Clark* merely cited to this court's precedent in *United States v. Williams*, 753 F.2d 329 (4th Cir. 1985). But *Williams* assumed that the new Bail Reform Act (the act now in place) maintained the prior Act's standard of review— even though Congress omitted the standard of review from the 1984 law. *See id.* at 333. But *Williams* never decided the issue. It incorrectly assumed the standard of review was the same, and courts in this Circuit have routinely cited *Williams* without analyzing whether the *Williams* court actually addressed that question.

However, this Court need not quarrel with this Circuit's reliance on misplaced incorrect *dicta*, as Mr. Gearheart argues that the District Court applied the wrong legal standard in setting his conditions of release. As such, no deference should be given to the District Court. *See Consolidated Coal Co. v. Local 1643*, 48 F.3d 125, 128 (4th Cir. 1995) ("the clearly erroneous rule does not protect findings made on the basis of the application of incorrect legal standards").

## Statement of Jurisdiction

Mr. Gearheart appeals the district court's conditions of release pursuant to 18 U.S.C § 3145(c) and 28 U.S.C. § 1291.

## Statement of the Case and Relevant Facts

Mr. Gearheart is a young man charged with the nonviolent crime of being an accomplice to someone's straw purchase of a firearm. According to the government, Mr. Gearheart "counsel[ed], command[ed], induce[d], and procure[d]" a false entry on an ATF Form in November of 2020. Mr. Gearheart is not alleged to have wrongly possessed a firearm or illegally used a firearm—merely two and a half years ago, he allegedly somehow contributed to another's false entry on a form. In March of 2023, the government obtained an indictment for this dated conduct, and Mr. Gearheart was arrested without incident and brought before the court.

At Mr. Gearheart's initial appearance, he was arraigned, and the court addressed his conditions of release. The government advised the court that it was not moving for detention[1], but it did not present evidence or initially ask the court to impose any conditions of release. The court then turned to counsel for Mr. Gearheart, who informed the court that he too did not have any evidence, but objected to a number of the proposed conditions in the pretrial services report. Rather than hear argument on what conditions were appropriate, the court imposed conditions and then allowed counsel to object, and allowed the government to argue in support of the court's conditions. In this fashion, the court decided on its own what conditions it

---

[1] The only potential ground on which the government could have relied for detention would be under an argument that this case 18 U.S.C. 3142(f)(1)(E). Mr. Gearheart would have objected, as this case does not strictly involve the "possession or use of a firearm," but rather the alleged entry of a false statement on a form.

would impose, allowed the defense to object to make a record, and enlisted the help of the government to argue in support of the court's already-made decisions.

## Argument

In setting bail conditions, the court must impose two standard conditions and the "least restrictive further condition [ ]or combination of conditions" that the "judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B). The only conditions the court is required to impose are that the person "not commit a Federal, State, or local crime during the period of release . . ." and submit to DNA testing if otherwise required. *See* 18 U.S.C. § 3142(b). Before imposing any other condition of release, the Bail Reform Act requires the court first to find that release on the standard conditions insufficient to assure the safety of the community or the appearance of the defendant. *See id.* The Bail Reform Act presumes release on personal recognizance and only authorizes the court to impose conditions of release when based on a specific finding that they are required. *See id.*

In this case, the following conditions are unsupported by evidence or reasonable inferences from evidence contained in the record, and should be ordered stricken:

- The condition that Mr. Gearheart "cooperate with [his] probation officer[2] in all respects at all times";

---

[2] Counsel for Mr. Gearheart would prefer that those officers supervising pretrial releasees not be referred to as a defendant's "probation officer," as the person is not on probation—even though many

- The condition that he and any other adult in his home consent to a warrantless search;

- The condition that he not travel outside the Western District of Virginia without first obtaining the permission of his probation officer;

- The condition that he submit to drug testing if his probation officer believes that he violates the condition that he not use illegal or controlled substances without a prescription;

Each condition of release should be supported by reasons for why those conditions are reasonably necessary to assure appearance or safety. *See United States v. Spilotro*, 785 F.2d 808, 816 (8th Cir. 1986). Standard conditions uniformly imposed by the court, when not specifically related to an individual's circumstances, are unreasonable. *See id.* In *Spilotro*, the Eighth Circuit rejected a lower court's imposition of a condition restricting the defendant's release when such conditions were "uniformly imposed" in the district and without "reasons why the . . . condition was necessary to reasonably assure appellant's appearance as required."

In this case, the court imposed many conditions on the mistaken belief that the "court has an obligation to supervise those who are under federal indictment." *See* App'x at 16. That misstatement of the law informed the court's decision to set the

---

of the conditions imposed by the court are remarkably similar to standard conditions of probation. However, counsel recognizes the individuals in the Western District responsible for pretrial supervision are employed as Probation Officers with that title. To keep the record clear, counsel will refer here to Mr. Gearheart's supervising officer as his "probation officer" because the district court did so.

conditions to which Mr. Gearheart has objected—and, indeed, the court imposed those conditions without relying on any facts in the record to support its decision. All cases, under the district court's view, ought to have these conditions. And, in counsel's experience, all cases in the Western District of Virginia have these conditions—even though the Bail Reform Act specifically requires only two standard conditions and the "least restrictive" combination of other conditions necessary to protect the safety of the community and assure the defendant's appearance in court. *See* 18 U.S.C. 3142.

*The restrictions on Mr. Gearheart's travel are not reasonably necessary to assure his appearance in court or the safety of the community.*

The record does not contain any support for the court's imposition of travel restrictions on Mr. Gearheart, nor did the court articulate any case-specific reasons in support of this condition. The government argued the condition was "simply a consultation requirement," but admitted that the probation officer's permission was necessary for travel outside the district. *See* App'x at 16. The court relied on its belief that "permission is liberally granted to those who are on pretrial release" and to the Court's ability to "address any concerns that are raised" should probation not grant permission to travel out of the district. But there was no reason given as to why the arbitrary line between the Eastern and Western Districts of Virginia ought to a boundary that Mr. Gearheart strictly abide. Indeed, there is no such marker that would allow Mr. Gearheart to scrupulously follow this condition. Does the district

court really expect Mr. Gearheart to know that he can cross at will between Appomattox and Buckingham counties, but should he cross between Appomattox and Prince Edward Counties, he would face a potential bond revocation hearing? Why is it fine for Mr. Gearheart to travel all the way to Lee County—west of Cleveland, Ohio, but not to Richmond?

Certainly, all line-drawing can at times become arbitrary. But there are no reasons to restrict the travel of Mr. Gearheart to the Western District of Virginia. Nor were any given, because the district court incorrectly restricts the movements of every person who comes before it to the Western District simply because the person has been accused of a crime. But this condition is unreasonable and should be stricken. *See generally United States v. Cramer*, 451 F.2d 1198, 1200 (5th Cir. 1971) (decided under prior law, but finding travel restrictions, "however laudable," not for the "sole purpose of reasonably assuring the presence of the defendant at trial"—the sole purpose of bail under the Bail Reform Act of 1966).

*The condition that Mr. Gearheart submit to drug testing if his probation officer believes he has used drugs is unnecessary, and thus unconstitutional.*

Despite explicitly recognizing that Mr. Gearheart did not have a substance abuse problem, the court still required him to submit to drug testing upon the request of a probation officer. *See* App'x at 13:

> Given the fact that you do not have a history of substance abuse at this time, I'm not going to require any ongoing testing. I'm

>     going to give the probation officer the discretion, if they believe you
>     violated that condition, to test you, but I'm not requiring testing.

The court specifically found that no evidence in the record supported that Mr. Gearheart be drug tested as a condition of release. However, the court also believed that probation officers should be given the authority to require defendants to submit to drug testing if they believe that those people may have used illegal drugs. Any drugs. At any time. Even if not based on probable cause. Without requiring the officer to secure a warrant. Indeed—under circumstances which could not even justify a warrant. The constitution does not permit such warrantless drug testing of people simply because they have been accused of a crime. But this was not the only warrantless search the court condoned in advance—indeed, the court authorized warrantless searches of Mr. Gearheart, his home, and *any* adult who lives with him simply because Mr. Gearheart was accused of a non-violent federal crime, the alleged conduct of which more than two-years old.

*The requirement that Mr. Gearheart submit to warrantless searches is not reasonably necessary to assure his appearance or protect the safety of the community.*

As an initial matter, the court's order that Mr. Gearheart submit to a warrantless search violates the Fourth Amendment's right to be free from unreasonable searches. No exception to the warrant requirement justifies the court searching Mr. Gearheart's person, residence, or possessions, simply because he is

being charged with a crime. He is still presumed innocent of the charge he faces and still retains all of his rights under the Fourth Amendment.

The Ninth Circuit addressed whether pretrial supervisees can be subject to such warrantless searches in *United States v. Scott*, 450 F.3d 863, 868 (9th Cir. 2006). That case involved a motion to suppress a warrantless search that local officers conducted pursuant to a court's requirement that the defendant submit to warrantless searches as a condition of his pretrial release. *See id.* at 868 (quoting *Griffin v. Wisconsin*, 438 U.S. 868, 873 (1987). The Ninth Circuit ruled that the search was unreasonable and found no support for the government's arguments that such searches were reasonable. *See id.* at 874. "One who has been released on pretrial bail does not lose his or her Fourth Amendment right to be free of unreasonable seizures. *See id.* (quoting *Cruz v. Kauai County*, 279 F.3d 1064, 1068 (9th Cir. 2002)). Both the district court and the government incorrectly relied on the administrative search exception to the warrant requirement to authorize warrantless searches in this case. However, there is no administrative search exception that applies to people accused of committing a crime as a blanket matter merely by virtue of them having been charged with a crime.

In this case, apart from violating his Fourth Amendment rights, there is no support in the record that suggests a warrantless search would reasonably further protecting the safety of the community or assuring Mr. Gearheart's appearance in court. The crime with which he is charged is two and a half years old and involves only an allegation that he somehow aided or abetted the making of a false statement

on an ATF form. Without any evidence to suggest that pretrial services officers could not otherwise conduct their jobs without a search, this condition is not the "least restrictive" necessary to accomplishing the purposes of bail. Given the absence of support in the record, the condition should be vacated.

*The condition that Mr. Gearheart "cooperate with his probation officer at all times in all respects is unconstitutionally vague.*

The district court's oral pronouncement of this condition is not copied in the written order, but it might be considered paraphrased in the condition that Mr. Gearheart "follow the instructions of his supervising officer." This condition is vague under either pronouncement. What does it mean to follow the instructions of his supervising officer? What instructions may his supervising officer provide? Can he instruct him to report daily and check in with probation? Can he instruct him to turn over his phone, unlock it, and allow a probation officer to skim through the contents? Can he instruct him not to listen to music too loudly? Not to go to certain parts of town?

Alternatively, what does it mean to "cooperate at all times in all respects?" Is he being cooperative enough if he suggests that he report at 3:00 instead of 2:30? Or is he being cooperative if he asks to consult with his lawyer before answering questions about his drug use? Or if he asks to consult with his lawyer before submitting to a drug test? Is it cooperative to ask daily to travel outside of the Western District? If he shows up late for a meeting with his supervising officer, has he violated? If he misses

a phone call, or waits a few days before returning a call, has he been sufficiently cooperative? Put simply, this condition does not give a person of ordinary intelligence adequate notice "of what conduct is prohibited," nor does it "include sufficient standards to prevent arbitrary and discriminatory enforcement." *See Manning v. Caldwell for the City of Roanoke*, 930 F.3d 264, 273 (4th Cir. 2019)[3].

## Conclusion

The district court erred by imposing several conditions of release not reasonably necessary to assuring Mr. Gearheart's appearance at trial nor reasonably necessary to protecting the safety of the community. The Court did so largely by misapplying the Bail Reform Act and concluding that several conditions were "standard" even though the Bail Reform Act clearly indicates those conditions are not standard. This Court should vacate those conditions or remand the case back to the District Court to impose conditions based on the facts in this case rather than its misapprehension of the law.

Respectfully submitted,

/s/ Benjamin Schiffelbein			Juval O. Scott
Counsel for Mr. Gearheart			Federal Public Defender
Assistant Federal Public Defender
    For the Western District of Virginia
210 First Street SW, Ste 400
Roanoke, VA 24011
Benjamin_Schiffelbein@fd.org
540 777 0880

---

[3] The same problematic lack of standards to prevent arbitrary and discriminatory enforcement could be said to apply to the Court's requirement that Mr. Gearheart submit to warrantless searches, drug testing, and secure permission before traveling outside the district.