In the United States Court of Appeals
For the Fourth Circuit

United States of America,
      Appellee

          v.                          Case no. 23-4235


Andrew Gearheart
      Appellant

Appellant's Appendix

Transcript of Initial Appearance……………………………………………………2
Indictment……………………………………………………………………..20
Order Setting Conditions of Release…………………………………………..22

USA v. Gearheart, 7:23cr13, 3/23/2023

1                    UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF VIRGINIA
2                         ROANOKE DIVISION

3    ****************************************************************

4    UNITED STATES OF AMERICA,    CRIMINAL CASE NO.:  7:23CR13
                                  MARCH, 23, 2023, 2:03 P.M.
5                                 ROANOKE, VIRGINIA
              Plaintiff,          INITIAL APPEARANCE, ARRAIGNMENT AND
6                                 BOND

7    vs.

8    ANDREW BRADLEY GEARHEART,    Before:
                                  HONORABLE ROBERT S. BALLOU
9                                 UNITED STATES MAGISTRATE JUDGE
              Defendant.          WESTERN DISTRICT OF VIRGINIA
10
     ****************************************************************
11
     APPEARANCES:
12

13   For the Government:          LEE BRETT, ESQUIRE
                                  United States Attorneys Office
14                                Western District of Virginia
                                  310 First Street, SW, Suite 906
15                                Roanoke, VA  24011
                                  540-857-2250
16

17   For the Defendant:          BENJAMIN MARK SCHIFFELBEIN, ESQUIRE
                                  Federal Public Defender
18                                210 First Street SW, Suite 400
                                  Roanoke, VA  24011
19                                540-777-0888

20   FTR OPERATOR:  K. Brown

21

22   Court Reporter:  Lisa M. Blair, RPR, RMR, CRR, FOCR
                       255 West Main Street, Suite 304
23                     Charlottesville, Virginia  22902
                       434.296.9284
24
              PROCEEDINGS RECORDED BY ELECTRONIC RECORDING;
25   TRANSCRIPT PRODUCED BY COMPUTER.

USA v. Gearheart, 7:23cr13, 3/23/2023

1  (Proceedings commenced, 2:03 p.m.)

2            THE COURT:  All right.  Good afternoon, everybody.

3            Let's call our first case, please.

4            THE CLERK:  United States of America versus Andrew

5  Bradley Gearheart, Case Number 7:23cr13.

6            THE COURT:  All right.  Let the record reflect the

7  government is present by its counsel.  The defendant likewise

8  is present by counsel.

9            Mr. Gearheart, if I could get you to stand up, I'd be

10  much obliged.

11            Good afternoon, sir.  My name is Robert Ballou.  I'm

12  a magistrate judge here in the Western District of Virginia.

13            We're here today in connection with a new indictment

14  as to an Andrew Bradley Gearheart.  The purpose of today's

15  proceedings is to make sure that you understand the nature of

16  the very important constitutional rights that you have not only

17  today, but for as long as this matter is pending.  I'll make

18  sure that you also understand the nature of the charges that

19  are set forth, and any penalties associated with a finding of

20  guilt.  And if you're prepared today, I'll ask you to enter a

21  plea to these charges, and then we'll address anything else we

22  need to address.

23            Let me first start by asking you to state your full

24  name for me, please.

25            THE DEFENDANT:  Andrew Bradley Gearheart.

USA v. Gearheart, 7:23cr13, 3/23/2023

1        THE COURT:  How old are you, sir?

2        THE DEFENDANT:  21.

3        THE COURT:  And how far did you go in school?

4        THE DEFENDANT:  Tenth grade.

5        THE COURT:  Is it fair to say you read, write, and

6   understand English without difficulty?

7        THE DEFENDANT:  Yes.

8        THE COURT:  Very well.

9        Today, do you feel clear-headed and understand why

10  you're here?

11       THE DEFENDANT:  Yes, sir.

12       THE COURT:  All right.  So Mr. Gearheart, the Fifth

13  Amendment of the Constitution guarantees you the right to

14  remain silent.  You don't have any obligation at all to make

15  any statements about these charges, answer any questions put to

16  you by the government through its investigating officers, its

17  agents, or its attorneys.  You do not have to participate in

18  the government's investigation.  The fact of the matter is, you

19  never have to take the stand and testify, unless you wish to do

20  so.

21       I will advise you that if you choose to waive your

22  right to remain silent, if you wish to make any statements,

23  answer any questions put to you by the government, or if you

24  ever wish to testify for any reason, anything you say can be

25  used against you.

USA v. Gearheart, 7:23cr13, 3/23/2023

1          Do you understand this?

2          THE DEFENDANT:  Yes, sir.

3          THE COURT:  Now, the Sixth Amendment of the

4 Constitution guarantees you the right to be represented by an

5 attorney, who will assist you in understanding the nature of

6 the charges you face, challenging the government's evidence, as

7 well as confronting and cross-examining the government's

8 witnesses.  Likewise, an attorney will assist you in preparing

9 and presenting any defenses that you have to these charges.

10 You can hire any lawyer you see fit to represent you, but if

11 you cannot afford one, the government will appoint one for you

12 at its expense.

13          Do you understand that?

14          THE DEFENDANT:  Yes, sir.

15          THE COURT:  I do have your financial affidavit.

16          First of all, am I correct you want me to appoint a

17 lawyer for you?

18          THE DEFENDANT:  Yes, sir.

19          THE COURT:  Secondly, you understand the information

20 you provided regarding your finances, your ability to be able

21 to hire a lawyer must be true and correct, and the failure to

22 provide true and correct information is potentially providing

23 false statements under oath?

24          Do you understand that?

25          THE DEFENDANT:  Yes, sir.

USA v. Gearheart, 7:23cr13, 3/23/2023

1           THE COURT:  Am I correct that the information you
2    provided is true and correct to the best of your knowledge?
3           THE DEFENDANT:  Yes, sir.
4           THE COURT:  All right.  Very well.  Let me get you to
5    speak up just a little bit.
6           THE DEFENDANT:  Was that the lady that contacted me
7    yesterday, or I had contacted that was for you?
8           THE COURT:  For probation.  She asked you some
9    questions:  Where do you work --
10          THE DEFENDANT:  Yeah, okay.
11          THE COURT:  -- how much money do you earn, what are
12    your bills, and asked you some of those questions.
13          THE DEFENDANT:  Yeah.
14          THE COURT:  You provided her -- the information you
15    provided her was true and correct to the best of your
16    knowledge?
17          THE DEFENDANT:  Yes, sir, true.
18          THE COURT:  All right.  Very well.
19          Okay.  Do you have a copy of the indictment?
20          MR. SCHIFFELBEIN:  We do, Your Honor.
21          THE COURT:  Okay.  Very well.
22          And Mr. Schiffelbein, have you had an adequate
23    opportunity to speak with Mr. Gearheart, advise him of the
24    nature of the charges and pleas, such that once he is formally
25    advised, he can enter a knowing and voluntary plea for today's

USA v. Gearheart, 7:23cr13, 3/23/2023

1   purposes?

2          MR. SCHIFFELBEIN:  I have, Your Honor.  We'd waive a

3   formal reading of the indictment and ask the Court to enter a

4   plea of not guilty.

5          THE COURT:  All right.  Very well.

6          Let me first of all make sure the charges are fully

7   explained.  Mr. Gearheart, I'll ask you to kindly turn your

8   attention to Mr. Brett, who is going to explain to you -- it's

9   a one-count indictment.  He's going to explain to you what that

10  is, what you're charged with, what the government must prove to

11  establish your guilt, and also tell you what the penalties are

12  if you're found guilty.  He'll then explain to you the pleas,

13  and then I'll have some questions for your afterwards.

14         Mr. Brett?

15         MR. BRETT:  Thank you, Your Honor.

16         You have been charged in a one-count indictment.

17  Count One charges you with a violation of Title 18 United

18  States Code, Sections 922(a)(6) and 2.  It alleges that on or

19  about November 23rd, 2020, in the Western District of Virginia,

20  you, along with L.S., in connection with the acquisition of a

21  firearm, a Taurus G2c pistol from Doomsday Tactical, a licensed

22  dealer of firearms within the meaning of Chapter 4, Title 18

23  United States Code, did knowingly counsel, command, induce, and

24  procure the execution of an ATF Form 4473 firearms transaction

25  record to the effect that L.S. was the actual buyer of the

USA v. Gearheart, 7:23cr13, 3/23/2023

1  firearm, when, in fact, as you then knew, L.S. was not the

2  actual buyer of the firearm.

3          The punishment for this offense is from zero to ten

4  years in prison, and up to a $250,000 fine.  There is also a

5  $100 special assessment, as well as a period of supervised

6  release.

7          You may enter one of three pleas:  Not guilty,

8  guilty, or no contest.

9          Should you plead not guilty, you have the following

10 rights:  The right to a speedy and public trial; the right to

11 require the government to prove its case beyond a reasonable

12 doubt; the right to a trial by a jury of 12 persons, or, if the

13 government consents, to waive trial by jury and be tried by the

14 judge alone; the right to the assistance of counsel throughout

15 the trial; the right to remain silent at trial; the right to

16 confront all witnesses who testify against you and to

17 cross-examine those witnesses; and the right to use subpoenas

18 to bring witnesses to court to testify on your behalf.

19         Should you plead guilty, you would waive all of those

20 rights, with the exception of your right to counsel, and you

21 would be making a public admission of guilt.  The Court could

22 hear some facts of your case in order to lay a factual basis

23 for your guilty plea, but the government would no longer be

24 required to prove its case beyond a reasonable doubt.

25         You may also plead no contest.  This plea has the

8

USA v. Gearheart, 7:23cr13, 3/23/2023

1  same practical effect as a plea of guilty, except this plea

2  cannot be used against you in some following or related federal

3  civil proceeding, such as a forfeiture proceeding.  The

4  government would always object to a plea of no contest.

5           THE COURT:  Thank you, Mr. Brett.

6           All right.  So Mr. Gearheart, do you understand the

7  charges you face in Count One of the indictment?

8           THE DEFENDANT:  Yes, sir.

9           THE COURT:  And again, I'm going to get you to speak

10  up.

11           THE DEFENDANT:  Yes, sir.

12           THE COURT:  Do you understand the different penalties

13  you face if you're found guilty?

14           THE DEFENDANT:  Yes, sir.

15           THE COURT:  And do you understand the different pleas

16  you can enter, and the rights you have, and the rights you may

17  waive as to each plea?

18           THE DEFENDANT:  Yes, sir.

19           THE COURT:  Today I find you capable of a knowing and

20  voluntary plea.  And having waived reading of the indictment,

21  what is your plea:  Not guilty, guilty, or no contest?

22           THE DEFENDANT:  Not guilty.

23           THE COURT:  All right.  I'll note your plea for the

24  record.

25           This case has presently been scheduled for trial on

USA v. Gearheart, 7:23cr13, 3/23/2023

1  May the 25th of this year before Judge Cullen beginning at 9:00

2  a.m.  Mr. Gearheart, that will be the next time this case is

3  called, unless something else is scheduled in the interim.

4         I will also enter an order today, consistent with the

5  Due Process Protection Act and Rule 5(f) of the Federal Rules

6  of Criminal Procedure, requiring the government to produce all

7  exculpatory evidence, as required by *Brady v. Maryland* and its

8  progeny, and reminding the government of its obligations --

9  that the failure to comply with these obligations, rather, may

10  result in the imposition of sanctions, including dismissal of

11  charges, adverse jury instructions, exclusion of evidence, and

12  contempt proceedings.

13         Beyond that, Mr. Brett, I've got the benefit of the

14  Pretrial Services report.  Anything else, other than those

15  recommendations?

16         MR. BRETT:  Your Honor, the government is not moving

17  for detention in this case.

18         THE COURT:  All right.  Very well.

19         Mr. Schiffelbein?

20         MR. SCHIFFELBEIN:  Your Honor, I don't have any

21  information for the Court, aside from the Pretrial Services

22  report, but we do object to a number of the conditions that are

23  requested.

24         THE COURT:  All right.  We'll see what conditions I

25  set, and then we'll address any objections.

USA v. Gearheart, 7:23cr13, 3/23/2023

1          So first of all, Mr. Gearheart, I'm going to set the

2    terms and conditions of release, and I'm going to remind you of

3    couple of things.  First of all, in federal court, bond is

4    designed to assure two things:  One is that you're in court, on

5    time, ready to go when you're required to be here; and

6    secondly, that you are of good behavior while on pretrial

7    release.  If you violate any of the conditions that I set, I

8    want you to understand that you're subject to being taken into

9    custody and held until this matter is resolved.

10          If you commit a federal, state, or local crime while

11   on pretrial release, you're also subject to being indicted

12   separately by the government for violating the terms of my

13   order.  You could face terms of imprisonment and fines over and

14   above what you already face.

15          Do you understand that?

16          THE DEFENDANT:  Yes, sir.

17          THE COURT:  All right.  So I'm going to set an

18   unsecured bond.  You don't have to post anything on the way out

19   the door, but your potential financial penalty is $5,000 if you

20   violate.

21          Let's see.  You're living with your mother and

22   brother at the Westwood Boulevard address?

23          THE DEFENDANT:  Yes, sir.

24          THE COURT:  Are there any animals there?

25          You're shaking your head.

USA v. Gearheart, 7:23cr13, 3/23/2023

1              THE DEFENDANT:  We don't obtain any animals.  We

2       don't own any animals.

3              THE COURT:  Okay.  And I know it's an apartment

4       complex --

5              THE DEFENDANT:  Yeah.

6              THE COURT:  -- so there may be animals there.

7              No weapons or dangerous instrumentalities in the

8       home?

9              THE DEFENDANT:  No, ma'am -- or no, sir.

10             THE COURT:  Okay.  So first of all, I'm going to

11      require you to establish that as your home address.

12             Secondly, that you cannot possess a firearm while on

13      pretrial release, and cannot live in a home with any firearms

14      or other dangerous instrumentalities.

15             Third, you're presently looking for work; is that

16      right?

17             THE DEFENDANT:  Yes, sir.

18             THE COURT:  That -- first of all, before we get to

19      that, that you and any other adult consent to a warrantless

20      search, that if there's reasonable cause to believe that you're

21      violating the terms of pretrial release, that there can be a

22      search of the residence.

23             Continue your job search, keep your probation officer

24      advised of the effects of your job search.

25                 Your travel is restricted within the Western District

12

USA v. Gearheart, 7:23cr13, 3/23/2023

1    of Virginia.  If you need to travel outside the Western

2    District of Virginia, notify your probation officer and

3    secure -- secure that permission.

4            No excessive use of alcohol.  You cannot possess or

5    use any illegal or controlled substance, unless you have a

6    valid prescription for the controlled substance.  Given the

7    fact that you do not have a history of substance abuse at this

8    time, I'm not going to require any ongoing testing.  I'm going

9    to give the probation officer the discretion, if they believe

10   you violated that condition, to test you, but I'm not requiring

11   testing.

12           No contact with any known witnesses in connection

13   with this matter.  Your lawyer will be given discovery, the

14   information that the government may have pulled together in its

15   investigation, and he'll be able to assist you in connection

16   with any known witnesses.

17           Any contact that you may have with law enforcement,

18   report that, regardless of how minor it may be.

19           Cooperate with your probation officer in all respects

20   at all times.

21           If you -- if you have a passport, you must turn it

22   in.  If you do not have a passport, you cannot apply for one.

23           Otherwise, Ms. Spence, have I addressed everything?

24           PROBATION OFFICER:  Yes, Judge.

25           THE COURT:  Mr. Brett?

USA v. Gearheart, 7:23cr13, 3/23/2023

1          MR. BRETT:  Nothing from the government, Your Honor.

2          THE COURT:  Mr. Schiffelbein?

3          MR. SCHIFFELBEIN:  Your Honor, we would object to the

4    following conditions, and I'll list them and make an argument

5    at the same time.

6          THE COURT:  Okay.

7          MR. SCHIFFELBEIN:  The first one we would object to

8    is that he and any adult in his residence must consent to a

9    warrantless search of his residence.

10         There is no reason in the pretrial services report or

11   in the facts of this case, which alleges a nonviolent crime

12   from nearly three years ago, the exact involvement of my client

13   of which is not even alleged, other than that he counseled or

14   assisted or induced somebody else to do something.  There is no

15   reason to suspect that he or anybody in his residence poses a

16   danger to the safety of the community or to pretrial services.

17   The Fourth Amendment provides that people shouldn't be searched

18   unless there's a warrant.  The Supreme Court has identified

19   that probable cause can serve as an exception to the warrant

20   requirement in certain circumstances.  The Supreme Court has

21   never held that pretrial releasees forfeit certain rights to --

22   [inaudible] -- the Fourth Amendment.

23         We would object to the provision requiring him to

24   secure permission to travel outside of the Western District of

25   Virginia.  He is a Roanoke native, but there's no reason to

USA v. Gearheart, 7:23cr13, 3/23/2023

1  suggest that he is a risk of flight, and that anything other

2  than notifying his probation officer is necessary to secure his

3  attendance or to protect the safety of the community.

4       We would object to the provision giving probation the

5  discretion to test him for a violation of the Court's

6  prohibition of using substances for largely the same reasons I

7  articulated in our first objection.  There is no reason here to

8  believe that he has a current substance use disorder such that

9  he would pose a danger to the safety of the community or risk

10  of flight.  There's also no reason to believe that drug testing

11  is necessary.  I also object to the probation officer being

12  given the discretion to do so.  I think that creates some

13  additional constitutional implications.

14       And the final provision is the Court's instruction

15  that he cooperate with his probation officer in all respects at

16  all times.  I think that's a vague condition.  And I think

17  technically it's a pretrial services officer at this time, but

18  we would object to that condition under it being vague.

19       THE COURT:  We'll assume that those terms are

20  interchangeable, as I have used them.

21       MR. SCHIFFELBEIN:  I understand.

22       THE COURT:  He is on pretrial.  Their title is United

23  States probation officer, as I understand as they're sworn.

24       Anything else?

25       MR. SCHIFFELBEIN:  No, Your Honor.

USA v. Gearheart, 7:23cr13, 3/23/2023

1          THE COURT:  Do you want to address any of those,

2     Mr. Brett?

3          MR. BRETT:  Yes, Your Honor, just briefly.

4          Starting with the warrantless search portion of the

5     order, as well as the testing, that's well within the ambit of

6     the administrative search doctrine, Your Honor.  Probation is

7     able, as part of its court-ordered supervision, to conduct

8     warrantless searches and to conduct drug testing.

9          Additionally, Your Honor, of course, as the Court

10    outlined, the travel bar is not -- there's no absolute bar on

11    travel.  There is simply a consultation requirement to ask the

12    probation officer for permission to travel outside the

13    district.

14         And Judge, I think these are standard conditions that

15    are well within the Court's authority to impose.

16         THE COURT:  All right.  Very well.

17         All right.  So let me, first of all, deal with the

18    last one first; and that is cooperate with probation officers,

19    pretrial services officers.  The Court has an obligation to

20    supervise those who are under federal indictment.  And part of

21    the obligation of a person who is being supervised is to

22    cooperate in all respects, respond to phone calls, texts, and

23    things of that nature.  And it's not -- it is an appropriate

24    condition.

25         Secondly, with respect to a warrantless search and

USA v. Gearheart, 7:23cr13, 3/23/2023

1  the discretion to test, the probation and pretrial services

2  officers also have an obligation to protect the community.  And

3  if they have reason to believe that a person is in violation of

4  the conditions, they can conduct an administrative search of

5  their own to assure that they're abiding by terms and

6  conditions of release.  And the same thing with respect to if

7  they believe that a person -- in the way that I've set this up

8  here, I am not requiring screening; but if the probation

9  officer believes that there is a violation of the term that

10 they not use illegal or controlled substances, they're given

11 the discretion to test.

12          With respect to travel, the travel is restricted to

13 within Virginia, and permission is liberally granted to those

14 who are on pretrial release to be able to travel outside of

15 Virginia.  It's simply to keep the probation officer notified

16 as to what those conditions are.  And if permission is not

17 granted, then the Court is always available to be able to

18 address any concerns that are raised in that regard.

19          Otherwise, anything else, Mr. Schiffelbein?

20          MR. SCHIFFELBEIN:  One moment, Your Honor.

21          (Pause.)

22          No, Your Honor.  Thank you.

23          THE COURT:  All right.  Very well.

24          So Mr. Gearheart, I'm going to have you stay right

25 there.  We're going to put together your bond paperwork and

USA v. Gearheart, 7:23cr13, 3/23/2023

1   we'll have you sign it.  You'll be taken back to Roanoke City,

2   processed out of there, and then your friends and family may

3   pick you up from there.  I don't know what else the marshals

4   have on their schedule today.  So I don't know exactly what

5   time you'll get back over there, but I know they'll do it as

6   soon as reasonably practical.

7           THE DEFENDANT:  Thank you.

8           THE COURT:  Very well.  Good luck to you, sir.

9           We'll stand in recess.

10          PROBATION OFFICER:  Judge, if he gets released before

11  4:00, he can come to the probation office.  But if it's after

12  4, he can come tomorrow.

13          THE COURT:  Okay.  So what you've been asked is that

14  upon your release from Roanoke City, if it's before 4:00, come

15  back over here, go up to the fourth floor; and when you get off

16  the elevator, turn to the right.  That's where the probation

17  office is.  Go in there, tell them who you are.  They'll be

18  waiting for you, and they'll get you signed up and you'll meet

19  your probation officer.

20          If it's after 4:00, be here tomorrow morning at

21  9 a.m. for that same purpose.

22          THE DEFENDANT:  Same thing, same directions, fourth

23  floor?

24          THE COURT:  Yeah.  The office isn't going to move.

25  The time may move, depending on what time you get released.

USA v. Gearheart, 7:23cr13, 3/23/2023

1           Very well.  Good luck to you, sir.  We'll stand in

2  recess.

3  (Proceedings adjourned, 2:20 p.m.)

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

USA v. Gearheart, 7:23cr13, 3/23/2023

1                    C E R T I F I C A T E

2        I, Lisa M. Blair, RMR/CRR, Official Court Reporter for

3   the United States District Court for the Western District of

4   Virginia, appointed pursuant to the provisions of Title 28,

5   United States Code, Section 753, do hereby certify that the

6   foregoing is a correct transcript of the proceedings reported

7   by me using the stenotype reporting method in conjunction

8   with computer-aided transcription, and that same is a

9   true and correct transcript to the best of my ability and

10  understanding.

11       I further certify that the transcript fees and format

12  comply with those prescribed by the Court and the Judicial

13  Conference of the United States.

14       /s/ Lisa M. Blair                Date: March 24, 2023

15

16

17

18

19

20

21

22

23

24

25

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**
**MARCH 2023 SESSION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **Criminal No.** 7:23CR13 |
| | ) | |
| **v.** | ) | **SEALED INDICTMENT** |
| | ) | |
| **ANDREW BRADLEY GEARHEART** | ) | **In violation of:** |
| | ) | **18 U.S.C. §§ 2, 922(a)(6)** |

### COUNT ONE

The Grand Jury charges:

1.    On or about November 23, 2020, in the Western District of Virginia, the defendant, ANDREW BRADLEY GEARHEART, along with L.S., in connection with the acquisition of a firearm, a Taurus G2C 9mm pistol, from Doomsday Tactical, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did knowingly counsel, command, induce, and procure the execution of an ATF Form 4473 (Firearms Transaction Record), to the effect that L.S. was the actual buyer of the firearm, when in fact as ANDREW BRADLEY GEARHEART then knew, L.S. was not the actual buyer of the firearm.

2.    All in violation of Title 18, United States Code, Sections 922(a)(6) and 2.

### NOTICE OF FORFEITURE

1.    Upon conviction of the felony offense alleged in this Indictment, the defendant shall forfeit to the United States any firearms and ammunition involved or used in the commission of said offenses, or possessed in violation thereof, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

2.      The property to be forfeited to the United States includes but is not limited to the

following property:

    a.   **Firearms**

        1)  Taurus G2C 9 mm pistol, serial number ABL156853.
        2)  All ammunition, magazines, and accessories associated with this firearm

3.      If any of the above-described forfeitable property, as a result of any act or

omission of the defendant:

    a.  cannot be located upon the exercise of due diligence;
    b.  has been transferred or sold to, or deposited with a third person;
    c.  has been placed beyond the jurisdiction of the Court;
    d.  has been substantially diminished in value; or
    e.  has been commingled with other property which cannot be
       subdivided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the defendant up to

the value of the above-described forfeitable property, pursuant to 21 U.S.C. § 853(p).

A TRUE BILL this ____9____ day of March, 2023.

/s/ Grand Jury Foreperson
FOREPERSON

CHRISTOPHER R. KAVANAUGH
UNITED STATES ATTORNEY

2

22

AO 199A (Rev. 06/19 – VAW Additions 7/21)  Order Setting Conditions of Release

Page 1 of  4  Pages

# UNITED STATES DISTRICT COURT
for the
Western District of Virginia

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No.  7:23cr00013 |
| Andrew Bradley Gearheart | ) | |
| *Defendant* | ) | |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1)  The defendant must not violate federal, state, or local law while on release.

(2)  The defendant must cooperate in the collection of a DNA sample if it is authorized by 34 U.S.C. § 40702.

(3)  The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4)  The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

The defendant must appear at:     US District Court, 210 Franklin Road SW

*Place*

Roanoke, VA 24011

on                                                      5/25/2023 9:00 am

*Date and Time*

If blank, defendant will be notified of next appearance.

(5)  ☑ The defendant promises to appear in court as required and surrender to serve any sentence imposed.

(6)  ☑ The defendant executes an unsecured bond binding the defendant to pay the United States the sum of
Five thousand and no cents              dollars ($ 5000.00              ) in the event of a
failure to appear as required or surrender to serve any sentence imposed.

$5K Unsecured

AO 199B (Rev. 12/20 – VAW Additions 7/21)  Additional Conditions of Release

Page  2  of  4  Pages

## ADDITIONAL CONDITIONS OF RELEASE

Pursuant to 18 U.S.C. § 3142(c)(1)(B), the court may impose the following least restrictive condition(s) only as necessary to reasonably assure the appearance of the person as required and the safety of any other person and the community.

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

( ☐ )  (6)  The defendant is placed in the custody of:
Person or organization
Address *(only if above is an organization)*
City and state                                                                                              Tel. No.
who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

Signed: _____
Custodian                                    Date

( ☑ )  (7)  The defendant must:
  ( ☑ )  (a)  submit to supervision by and report for supervision to the   US Probation Office   ,
    telephone number  ( 540-857-5180 ) , no later than  upon release   .
  ( ☑ )  (b)  execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property  $5Kun
  ( ☐ )  (c)  post with the court the following proof of ownership of the designated property, or the following amount or percentage of the above-described sum:
  ( ☑ )  (d)  continue or actively seek employment.
  ( ☐ )  (e)  continue or start an education program.
  ( ☑ )  (f)  surrender any passport to:   supervising officer
  ( ☑ )  (g)  not obtain a passport or other international travel document.
  ( ☑ )  (h)  abide by the following restrictions on personal association, residence, or travel:   May not travel outside of the WDVA without persmission from the supervising officer
  ( ☑ )  (i)  avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including:  co-defendants
  ( ☐ )  (j)  get medical or psychiatric treatment:
  ( ☐ )  (k)  return to custody each _____ at _____ o'clock after being released at _____ o'clock for employment, schooling, or the following purposes:
  ( ☐ )  (l)  maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary.
  ( ☑ )  (m)  not possess a firearm, destructive device, or other weapon.
  ( ☑ )  (n)  not use alcohol ( ☐ ) at all ( ☑ ) excessively.
  ( ☑ )  (o)  not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
  ( ☑ )  (p)  submit to testing for a prohibited substance if required by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.
  ( ☐ )  (q)  participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.
  ( ☐ )  (r)  participate in one of the following location restriction programs and comply with its requirements as directed.
    ( ☐ )  (i)  **Curfew.** You are restricted to your residence every day ( ☐ ) from _____ to _____ , or ( ☐ ) as directed by the pretrial services office or supervising officer; or
    ( ☐ )  (ii)  **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer; or
    ( ☐ )  (iii)  **Home Incarceration.** You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities and court appearances or other activities specifically approved by the court; or
    ( ☐ )  (iv)  **Stand Alone Monitoring.** You have no residential curfew, home detention, or home incarceration restrictions. However, you must comply with the location or travel restrictions as imposed by the court.
    **Note:** Stand Alone Monitoring should be used in conjunction with global positioning system (GPS) technology.

AO 199B (Rev. 12/20 – VAW Additions 7/21)  Additional Conditions of Release                                       Page   3   of   4   Pages

## ADDITIONAL CONDITIONS OF RELEASE

( ☐ )  (s)  submit to the following location monitoring technology and comply with its requirements as directed:
   ( ☐ ) (i)    Location monitoring technology as directed by the pretrial services or supervising officer; or
   ( ☐ ) (ii)   Voice Recognition; or
   ( ☐ ) (iii)  Radio Frequency; or
   ( ☐ ) (iv)   GPS.

( ☐ )  (t)  pay all or part of the cost of location monitoring based upon your ability to pay as determined by the pretrial services or supervising officer.

( ☑ )  (u)  report as soon as possible, to the pretrial services or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

( ☑ )  (v)  the defendant shall follow the instructions of the pretrial supervising officer.

( ☐ )  (w)  the defendant shall not incur new credit charges or open additional lines of credit without the approval of the supervising officer.

( ☑ )  (x)  submit to warrantless search and seizure of person and property as directed by supervised officer.

( ☐ )  (y)  not frequent places where controlled substances are illegally sold, used, distributed, or administered, and shall not associate with any persons engaged in criminal activity or associate with any person convicted of a felony, unless under the supervision of law enforcement.

( ☑ )  (z)  Defandant is to live at the Westwood Blvd NW Roanoke Virginia Apartment with his mother and brother.  No one else is to reside here.

( ☒ )  (aa)  Defendant is to report to the Probation Officer if released before 4pm. Otherwise he is to report to the US Probation Office, 4th floor, Poff Federal Building at 9:00am on Friday 3/24/2023.

AO 199C  (Rev. 09/08 – VAW Additions 7/21) Advice of Penalties                                                    Page  4  of  4  Pages

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year.  This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court.  The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed.  If you are convicted of:
(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony –  you will be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor –  you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive.  In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release.  I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed.  I am aware of the penalties and sanctions set forth above.

_____ Deputy Clerk ___

_Andrew Greabheart_
_____
_Defendant's Signature_

_Roanoke  Virginia_
_____
_City and State_

## Directions to the United States Marshal

( ☑ ) The defendant is ORDERED released after processing.
( ☐ ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release.  If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: _March 23, 2023_

_____
_Judicial Officer's Signature_

_Robert S. Ballou  U S D J_
_Printed name and title_

DISTRIBUTION:   COURT     DEFENDANT     PRETRIAL SERVICE     U.S. ATTORNEY     U.S. MARSHAL